UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 NICOLE BURGESS,

                Plaintiff,                            COMPLAINT

        vs.                                  Case No.: 1:18-cv-

SIXTH STREET ASSOCIATES, EUGENE
BRODSKY, GABRIEL BRODSKY,             **JURY TRIAL DEMANDED**
GIACOMO ROMANO, SAM
LEUNG and G CHEW LLC,

                Defendants.
- - - - - - - - - - - - - - - - - x

       Plaintiff, NICOLE BURGESS, (hereinafter the "Plaintiff"), through his

undersigned counsel, hereby files this Complaint and sues SIXTH STREET

ASSOCIATES, EUGENE BRODSKY, GABRIEL BRODSKY, GIACOMO

ROMANO, SAM LEUNG and G CHEW LLC, (hereinafter, the "Defendants") for

injunctive relief, attorney's fees and costs (including, but not limited to, court costs and

expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH

DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW

("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL")

and alleges:

## <u>JURISDICTION AND PARTIES</u>

    1.      This is an action for declaratory and injunctive relief pursuant to Title III

of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter

referred to as the "ADA"). This Court is vested with original jurisdiction under

28 U.S.C. §1331, 1343, 2201 and pursuant to §1367(a) and the Court has

supplemental jurisdiction over Plaintiff's claims brought under the laws of the

State of New York.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in this District and the public accommodation which is the subject of this action is situated in this District.

3.     The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.     At the time of Plaintiff's visit to the Defendants' Subject Facility in June of 2018 prior to instituting the instant action, NICOLE BURGESS, (hereinafter referred to as "Plaintiff") was a resident of the City and State of New York, and suffers from what constitutes a "qualified disability" under the Americans with Disability Act of 1990.  She is an individual who sustained injuries to her spinal cord resulting in an impairment in motor and sensory function of the lower half of her body. Because Plaintiff is required to traverse in a wheelchair, she is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.     The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of the facilities at Defendants' Property, which is the subject of this lawsuit.

6.     Upon information and belief defendants are authorized to conduct, and is conducting business within the State of New York and is/are the owners, lessee's and/or operators of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property") and the owners of the improvements of the Subject Facility which is located at 190 Sixth Avenue, New York, New York, 10013 (hereinafter and heretofore referred to collectively as "Subject Facility").

7.      Upon information and belief, the Defendants maintain, manage and control the Subject Facility, established as a restaurant, Ciccio, and is a "place of Public Accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises are located in the City and State of New York.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9.      Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)      historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)      discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)      individuals with disabilities continually suffer forms of

discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)       the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10.    Congress explicitly stated that the purpose of the ADA was to:

(i)       provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).


(ii)    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject

Facility is a place of public accommodation in that it is a Restaurant, which

provides goods and services to the public.

11.     The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

12.     Defendants have discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically intends to visit the Restaurant in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State and New York City Human Rights Law. The barriers to access the Restaurant have effectively denied Plaintiff's ability to visit the property and have caused embarrassment and frustration to the Plaintiff by not being able to access the Restaurant.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

15.     The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of, inter alia, the following specific violations:

Failure to provide accessible entrance due to the four steps at said entrance to the Bar and Restaurant and the failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. The steps leading down to the Subject Facility is an insurmountable barrier to the ingress and egress of Plaintiff and individuals who use wheelchairs violating 207. Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible building entrance they serve. The steps at the entrance to the Restaurant means there is no accessible route for a wheelchair. The steps at the entrance violate 206.1, 206.2, and 206.2.1 by failing to provide an accessible route from the city sidewalk to the restaurant entrance. The steps violate 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402. The presence of the steps at the entry door violates 2010 Standards 303.4 which requires that changes in level greater than 1/2" be ramped, and shall comply with 405 or 406. There is no 18" space on the sides of the doors as required by 2010 Standards 404.2.4 .3.

Required minimum maneuvering clearance not provided at entrance door to the restaurant; The steps at the entrance to the Restaurant means there is no accessible route for the Plaintiff and others so situated. The entrance at the Restaurant door violates 404.2.4, which requires minimum maneuvering clearances at doorways; 404.2.4.3 by failing to provide adequate maneuvering clearance for a recessed doorway. Changes in level are not allowed. Required minimum maneuvering clearance not provided at entrance door to the Restaurant; The entrance to the Restaurant is in violation of 404.2.6 when pivoted doors or gates are in series, a separation is required that is at least 48" plus the width of doors or gates swinging into the space. This would allow users to clear one door or gate before opening the next and applies to those doors or gates that are opposite each other where travel through both doors is required.

Required minimum maneuvering clearance not provided at entrance door to the restaurant; Failure to provide accessible aisles of at least 36 inches clearance between parallel edges of tables or between a wall and the table edges to all accessible tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.3.  Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area as required by 2010 ADAAG §902, 902.1, 902.3, 4.32.4.

Inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables. Compliant signage identifying the restroom not provided as required. Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom area, in violation of 28 C.F.R. Part 36, Section 4.3.3.

Failure to provide at least one lavatory that has a clear floor space for a forward approach of at least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2;

Failure to provide sufficient clear floor space around water closet in bathroom which does not allow for any obstructing elements in these spaces as required by 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1. Failure to provide sufficient clear floor space/sufficient turning radius in restroom, to provide safe adequate maneuverability, including, but not limited to the step inside the bathroom. Failure to rearrange stall partitions and/or walls to provide sufficient accessibility and maneuvering space in restroom for individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17. Failure to provide a clear path to the water closet that is the proper width as required by 2010 ADAAG § 403.5.1; Failure to provide accessible restroom door handles, that can be operable with one hand and does not require tight grasping, pinching or twisting of the wrist, as required by 28 C.F.R Part 36, Sections 4.13.9 and 4.27.4. Failure to provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath. Failure to provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath.

Failure to provide a hand operated flush control located on the open side of the accessible water closet as required by Section 604.6.

Failure to provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatory for accessibility, in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

Failure to provide soap dispenser at an accessible height in restroom, as required by 28 C.F.R. Part 36, Section 4.22.7. Failure to install accessible mirror in restrooms in compliance with 28 C.F.R. Part 36, Section 4.19.6. Failure to provide an accessible locking mechanism on restroom door that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4.

Failure to provide ADA compliant signage in restroom areas in violation of 28 C.F.R. Part 36, Section 4.30. Failure to install the required rear grab bar in restroom, around an accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6. Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16). Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4. Photographs depicting some of the discriminatory barriers are annexed as _Exhibit 1,_ made a part hereof and incorporated by reference herein.

16.     Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only upon a full inspection can all said violations be identified.

17.     To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.     Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the

ADA, and closing the subject facilities until the requisite

modifications are completed.

20.    Defendants' failure to remove the barriers to access constitutes a

pattern and practice of disability discrimination in violation of 42

U.S.C. sections 12188(b)(1)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. Sec.

503(a).

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21.    The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person,
being the owner, lessee, proprietor, manager, superintendent, agent or
employee of any place or provider of public accommodation because
of the actual or perceived … disability … of any person, directly or
indirectly, to refuse, withhold from or deny to such person any of the
accommodations, advantages, facilities or privileges thereof … to the
effect that any of the accommodations, advantages, facilities and
privileges of any such place or provider shall be refused, withheld
from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

22.    Defendants are in violation of the New York City Human Rights Law

by denying the Plaintiff full and safe access to all of the benefits,

accommodations and services of the Subject Facility.

23.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1

through 22 as if set forth in their entirety herein.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24.    The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being
the owner, lessee, proprietor, manager, superintendent, agent or
employee of any place of public accommodation…. because of the …
disability … of any person, directly or indirectly, to refuse, withhold
from or deny to such person any of the accommodations, advantages,
facilities or privileges thereof … to the effect that any of the

accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability ……NYS Executive Law § 296 (2)(a).

25.   Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

26.   The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

27.   Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

28.   The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2)(c)(iii).

29.   The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

30.   As a direct and proximate result of Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered and continues to suffer emotional distress, including, but not limited to humiliation, embarrassment, stress and anxiety.

32.   The Defendants have subjected, and continues to subject, Plaintiff to disparate treatment by directly and/or indirectly refusing, withholding, and denying the full accommodations of the Subject Facility, and advantages, facilities and privileges of its place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

33.   The Defendants have discriminated against Plaintiff in violation of

Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

34. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

> Restoration Act § 7 amending Administrative Code § 8-130 (emphasis added).

35. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

36. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered an injury in fact.

37. The Defendants' refusal and/or lack of effort to make the Subject Facility fully accessible was egregious and undertaken

with reckless disregard to Plaintiff's rights under the Administrative
Code.

38.   By failing to comply with the law in effect for decades, the
Defendants have articulated to disabled persons, such as the
Plaintiff, that they in effect are not welcome and not desired as
patrons of its place of Public Accommodation.

39.   The Defendants' unlawful discriminatory conduct constitutes
willful and wanton violations of the Administrative Code for
which Plaintiff is entitled to an award of punitive damages.
Administrative Code § 8-502.

40.   The Plaintiff repeats and re-alleges the allegations of paragraphs
1 through 36 as if set forth in their entirety here.

## ATTORNEYS' FEES AND COSTS

41.   The Plaintiff has been obligated to retain the undersigned counsel for the
filing and prosecution of this action. The Plaintiff is entitled to have his
reasonable attorneys' fees, costs and expenses paid by the Defendants,
pursuant to the ADA and the New York City Human Rights Law.
Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including
compensatory damages contemplated by § 297(9).

## DAMAGES

42.   Plaintiff demands compensatory damages in the sum of TWENTY-
FIVE THOUSAND DOLLARS ($25,000.00) per violation of the
NYCHRL and the NYSHRL, severally;

**INJUNCTIVE RELIEF**

43. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

   **WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

   a. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, Executive Law and of the New York State Human Rights Law;

   b. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, the NYCHRL and the NYSHRL; issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

   c. Award plaintiff compensatory damages in a sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00)

per violation, of the NYCHRL and the NYSHRL, severally;
awarding Plaintiff punitive damages.

d.    Issue a permanent injunction against the Defendants,
requiring Defendants, and all persons or entities in active concert
therewith, to provide accessible route into the restaurant at the
Premises for individuals who use wheelchairs, and to make all
public portions of the premises accessible to him.

d.    Find that Plaintiff is a prevailing party in this lawsuit and
award reasonable attorney's fees, costs and expenses against
Defendants, and award such other and further relief, at law or
in equity, including, but not limited to, punitive damages to
which Plaintiff may be justly entitled;

44.  Retain jurisdiction over the Defendants until the Court is satisfied that
the Defendants' unlawful practices, acts and omissions no longer exist
and will not reoccur;

The Court awards such other and further relief as it deems necessary,
just and proper.

## **JURY DEMANDED**

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated:  Syosset, New York
            August 15, 2018

<u>                         S/S                         </u>
Stuart H. Finkelstein, Esq.
Finkelstein Law Group, PLLC
Attorneys for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
Telephone: (718) 261-4900

Exhibit 1











